UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-102-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EUGENE LITTLE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 27, 2006, Defendant Eugene Little pleaded guilty to possessing pseudoephedrine and ephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(1) (Count 1), and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). [Record Nos. 13 and 29] Thereafter, Little was sentenced to a 110-month term of imprisonment under Count 1 and a consecutive 60-month term of imprisonment under Count 3, for a total of 170 months imprisonment. [Record No. 29] Little has now filed a *pro se* motion requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States

-1-

Sentencing Guidelines.[1]  [Record No. 36]  However, for the reasons outlined below, his motion will be denied.

On November 13, 2005, a Kentucky State Police trooper discovered Little passed out in his car parked on private property.  [Record Nos. 26 and 31]  As the trooper approached the vehicle, he smelled starter fluid and/or ether coming from the car, and observed starting fluid, plastic tubing, opened plastic bags, and an open pocket knife through the car's passenger window.  [Record No. 31, pp. 4-5]  The trooper promptly arrested Little and performed a pat-down during which he discovered a .22 caliber revolver.  [Record No. 26, p. 2]  Containers and other paraphernalia from Little's vehicle were submitted to the Kentucky State Police Forensic Laboratory for testing.  [Record No. 31, p. 5]  The tests revealed 136.941 grams of pseudoephedrine and 2.464 grams of methamphetamine. *Id.* at 7.

Based on the quantity of pseudoephedrine found in Little's car, his base offense level for Count 1 under the 2006 version of the United States Sentencing Guidelines was 32. *Id.* at 8. Little received a three level reduction for acceptance of responsibility, resulting in a total offense level a 29.[2] *Id.* at 9. Little was placed in criminal history category IV. *Id.* at 14.

---

[1]  Little also requests that the Court appointed counsel in connection with the motion. [Record No. 36]  However, a motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).  Instead, the district court has discretion to determine whether to appoint counsel.  Here, the record and information possessed by the Court from the original sentencing is sufficient to consider this motion. Therefore, this Court will deny Little's motion for appointment of counsel because to appoint counsel would be unnecessary and a waste of resources.

[2]  In Little's Pre-Sentence Investigation Report, the United States Probation Office originally added two points to Little's base offense level for unlawful transportation of hazardous waste. [Record No. 31, p. 8]  However, at the sentencing hearing, the Court sustained Little's objection to the two level increase, resulting in a total offense level of 29 instead of 31.  *See* Record No. 19; *Statement of Reasons*, p. 1.

Little's non-binding sentencing guideline range was 121-151 months imprisonment.  During the sentencing hearing, the Court sustained the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and departed from the guidelines, sentencing Little to 110 months on Count 1.  *See Statement of Reasons*, p. 1.

Title 18 U.S.C. § 924(c)(1)(A)(i) together with U.S.S.G. § 2K2.4(b) establishes a mandatory minimum of five years imprisonment for Count 2.  Title 18 U.S.C. § 924(c)(1)(D)(ii) provides that a term of imprisonment for a violation of § 924(c)(1)(A)(i) must run consecutively to any other term of imprisonment.  Thus, the Court sentenced Little to 60 months on Count 2 and ran that term consecutive to Count 1 for a total of 170 months.  [Record No. 29]

A motion for sentence reduction under 18 U.S.C. § 3582 requires a two-step inquiry.  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013).  *See also Dillon v. United States*, 560 U.S. 817, 826 (2010).  First, the court must first determine whether the defendant is eligible for a reduction.  *Thompson*, 714 F.3d at 948.  Two conditions must be met for eligibility: (1) the court must have based the defendant's sentence on a sentencing range lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and; (2) a reduction must be consistent with the Sentencing Commission's policy statements, namely U.S.S.G. § 1B1.10.  *Id.*  Second, the Court must determine whether a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a).  *Id.* at 949.

The Court's sentence on Count 2 was based on a mandatory minimum established by statute, and not by the sentencing guidelines.  Therefore, Amendment 782 does not affect Count 2, and Little is not eligible for a reduction of his 60-month sentence.  However, Amendment 782 did reduce the base offense level for Count 1 from 32 to 30.  With the

adjustment for Little's acceptance of responsibility, Little's total offense level would be 27, resulting in a sentencing range of 100 to 125 months imprisonment for Count 1.  Section 1B1.10(b)(2)(B) of the Federal Sentencing Guidelines Manual permits a reduction below the amended guideline range where the defendant received a downward departure based on a § 5K1.1 motion at his original sentencing.

Because Little is eligible for a reduction of his sentence on Count 1, the Court next considers whether a sentence reduction is warranted in light of the factors of 18 U.S.C. § 3553 which include, *inter alia*: the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by the defendant.  18 U.S.C. § 3553(a)(2).  Upon review of the record and application of the sentencing factors to Little and the facts of this case, the Court concludes that reducing Little's sentence on Count 1 is not warranted.

Not only did Little receive a three level reduction for his acceptance of responsibility, the Court also departed from the guideline range due to his cooperation regarding the investigation and prosecution of others.  The Court's downward departure was so significant that Little's current 110-month sentence still falls in the lower end of the amended guideline range.  Even though U.S.S.G. § 1B1.10(b)(2)(B) authorizes the Court to reduce Little's sentence even further by going below the amended guideline range's minimum of 100 months, the Court declines to do so based on the other factors.

To reduce Little's sentence below 110 months would undermine the seriousness of his crime.  Little was found in possession of a significant amount of pseudoephedrine and methamphetamine.  Along with the drugs, the Kentucky State Police also found other items

Little was using to manufacture methamphetamine. *Id.* at 4-5. Little also has a lengthy history of addiction and addiction-related crimes. During his pre-sentence investigation, Little admitted to former addictions to marijuana, cocaine, and unprescribed oxycontin. *Id.* at 17-18. He also admitted to an ongoing addiction to methamphetamine. *Id.* at 17. Little's criminal record includes convictions for disorderly conduct, conspiracy to distribute marijuana and cocaine, public intoxication, and operating a vehicle while intoxicated. *Id.* at 10-13. To reduce Little's sentence further would not promote deterrence for Little or others who might be tempted to commit similar crimes. Additionally, Little's lengthy criminal history demonstrates that he is likely to reoffend upon release, thereby further endangering the public.

Relying on *Pepper v. United States*, 562 U.S. 476, 490 (2011), Little also asks the Court to consider the additional documentation he has provided relating to his post-sentencing conduct. *Id.* In *Pepper*, the Supreme Court authorized the district court to consider post-sentencing conduct on remand after the defendant's original sentence was set aside on appeal. While that situation is not presented here, the commentary to U.S.S.G. § 1B1.10 allows, but does not require, district courts to consider post-sentencing conduct when determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013).

Little has attached proof that he has completed his G.E.D. [Record No. 36-2] Records also show that he has participated in a number of other educational opportunities during his incarceration, including classes related to job skills, disease awareness and prevention, drug rehabilitation, fitness, finance, nutrition, and personal growth. *Id.* While the Court commends Little for making the most of his time in prison, his good behavior during

incarceration does not outweigh the dangers associated with a further reduced sentence as discussed above. The fact that Little has been productive and remained drug-free while incarcerated does not ensure that Little will act similarly once he is released. He has a long history of returning to addictive habits, and he has gone to jail in the past and reoffended upon release.

For the foregoing reasons, Little's original sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in § 3553. Accordingly, it is hereby

**ORDERED** that Defendant Eugene Little's motion [Record No. 36] to reduce his sentence is **DENIED**.

This 23rd day of November, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge